**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Kevin D. Hall

   v.                                                  Civil No. 08-cv-352-PB

State of New Hampshire

**O R D E R**

Pro se petitioner Kevin Hall has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his Keene District Court conviction on phone harassment charges (document no. 1).  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  For the reasons fully explained herein, I order Hall to amend his petition to demonstrate that he is "in custody" pursuant to the challenged conviction, that the petition has been timely filed, and that the claims raised therein have been exhausted in the state courts.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

Kevin Hall alleges that in October of 2004, he was arrested on three counts of misdemeanor phone harassment. Hall, represented by an attorney from the New Hampshire Public Defender's Office, was convicted after a bench trial in the Keene District Court and sentenced to serve ninety days in jail.[1] Hall appealed his conviction to the superior court, thereby exercising his right to a de novo jury trial.[2] Hall was incarcerated in lieu of bail while he awaited his jury trial.

During his pretrial incarceration, Hall became ill. He was taken to the hospital, where he had major abdominal surgery. Hall was then in the hospital's Intensive Care Unit for three weeks, during which time he was heavily sedated and unaware of what was going on around him. Hall now alleges that during that three week period, his attorney claims to have obtained Hall's consent to dismiss his request for a jury trial and remand the

---

[1] Hall is presently incarcerated in a New York prison serving a sentence for a conviction unrelated to the conviction challenged here.

[2] N.H. Rev. Stat. Ann. § 502-A:11 gives a criminal defendant in New Hampshire the right to appeal his misdemeanor state district court conviction, obtained without a jury, to the superior court for a de novo jury trial. See City of Rochester v. Corpening, 153 N.H. 571, 579, 907 A.2d 383, 390 (2006).

3

matter back to the Keene District Court for imposition of the conviction and ninety day sentence. The prosecutor in the criminal case then filed an allegedly assented to motion to remand the matter. Hall states that he has no memory of giving consent and that, if he were able to consider the matter, he would not have given his consent as he wanted a jury trial.

Hall now claims that his conviction and sentence, imposed pursuant to the remand of the matter to the Keene District Court, were obtained in violation of his constitutional rights and should be vacated. Hall brings this federal habeas action raising the following claims:

1. Hall's alleged consent to remand his criminal case and accept a conviction without a jury trial was obtained without his actual consent, or with consent that was not knowingly, intelligently, and voluntarily given, violating his Fifth, Sixth, and Fourteenth Amendment rights to a jury trial, a fair trial, the effective assistance of counsel, and due process;

2. Hall's Sixth Amendment right to the effective assistance of counsel was violated because his trial attorney represented him while operating under a conflict of interest; and

3. Hall's Sixth Amendment right to the effective assistance of counsel was violated when his attorney abrogated his duty to raise the issue of Hall's impaired mental health with the trial court.

Discussion

I. "In Custody" Requirement

Section 2254(a) confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, to seek habeas relief under § 2254, Hall must allege both that his state conviction or sentence violates some right accorded to him under federal law, and that he is in custody pursuant to that state conviction or sentence. See Maleng v. Cook, 490 U.S. 488, 491 (1989). Whether or not a petitioner is "in custody" for purposes of the federal habeas statute is determined by the petitioner's status at the time the petition is filed. See id. While actual incarceration is not always necessary to demonstrate that a petitioner is "in custody," a petitioner must demonstrate that he is under "restraints not shared by the public generally, . . . there must be some type of continuing governmental supervision over the person." Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984) (internal quotations and citations omitted).

While Hall is currently in prison, his present incarceration is for a felony conviction unrelated to the conviction challenged in this action.  Hall alleges that he received a ninety day sentence in 2004 and 2005, and a fair reading of Hall's petition allows for the conclusion that the ninety day sentence has already been served.  Hall does not allege that there were any other consequences of his misdemeanor conviction that would amount to "restraints not shared by the public generally.  Id. Accordingly, Hall has not yet alleged facts that allow this Court to find that he is "in custody" pursuant to the challenged conviction.  However, as the petition is silent on the point, I will allow Hall an opportunity to demonstrate to the Court that he should still be considered to be "in custody" because of the 2004 harassment charges to allow him to seek relief under § 2254.

II.  Exhaustion

In addition to demonstrating that he is "in custody," to be eligible for habeas relief, Hall must show that he has exhausted all state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489-92 (1973);

Benson v. Super. Ct. Dep't of Trial Ct., 663 F.2d 355, 358-59 (1st Cir. 1981). At this time, Hall's petition does not demonstrate that he has fully exhausted his state remedies.

A petitioner's remedies in New Hampshire are exhausted when the state's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal

citations omitted)).  A petitioner may fairly present a claim by: (1) citing a provision of the federal constitution, (2) presenting a federal constitutional claim in a manner that fairly alerts the State court to the federal nature of the claim, (3) citing federal constitutional precedents, (4) claiming violation of a right specifically protected in the federal constitution, or, in some circumstances, (5) citing to state court decisions that rely on federal law or articulation of a state claim that is indistinguishable from one arising under federal law.  Clements, 485 F.3d at 162 (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987) and Nadworny v. Fair, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (A litigant wishing to raise a federal issue can exhaust the federal issue in the state courts "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); cf. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (finding that simply reciting facts underlying a state claim, where those facts might support either a state or federal claim, without more, is clearly inadequate to constitute fair presentation of a federal claim to a state court).

Hall has not alleged any facts that allow this Court to find that the claims presented here, including the federal nature of those claims, have ever been raised in the state courts. Further, Hall has neither alleged nor demonstrated that effective state corrective processes are unavailable to him. Hall has therefore failed to demonstrate exhaustion. Again, as the petition does not conclusively negate the possibility that Hall's habeas claims have been exhausted, I will allow Hall the opportunity to amend his petition to demonstrate that his claims have, in fact, been exhausted, or that he should be excused from exhaustion due to the unavailability of effective state corrective processes.

III. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 <u>et seq.</u> (2000) sets a one-year limitations period for the filing of federal habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by: (1) the state, (2) new constitutional rights created by the Supreme Court, or (3) newly discovered facts underpinning the claim.  David, 318 F.3d at 344; 28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA also excludes from the one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  Additionally, the First Circuit has stated that equitable tolling of the AEDPA's limitations period might be available, but "only for the most exceptional reasons."  David, 318 F.3d at 346.

Here, Hall challenges a conviction that appears to have become final in 2004 or 2005.  While the petition is silent as to the exact day the matter was remanded to the Keene District Court for imposition of the guilty finding and sentence, it does appear that it happened closer in time to the October 2004 arrest than to the filing of this action.  Further, it does not appear on the face of the petition, or from any inference that might reasonably be drawn from the petition, that any of the other potential exceptions to the statute of limitations applies here.

Accordingly, I find that Hall has not demonstrated that the petition here was timely filed.  Because I cannot make a conclusive determination, based on the facts alleged in Hall's petition, as to the timeliness of the filing, I will give Hall the opportunity to amend his petition to demonstrate that the matter has been timely filed.

## Conclusion

I direct Hall to amend his petition within thirty days of the date of this Order to demonstrate that:

1.  At the time this petition was filed, Hall was "in custody" as required by § 2254(a);

2.  The claims raised, including the federal nature of hte claims, have been exhausted in the state courts.  To demonstrate exhaustion, Hall must submit documents to this Court which show that the claims raised in this petition, including the federal nature of each of the claims, have all previously been presented to the state courts, including the New Hampshire Supreme Court, for consideration; and

11

    3.    The petition has been timely filed.

**SO ORDERED.**

                                        _/s/ James R. Muirhead_
                                        James R. Muirhead
                                        United States Magistrate Judge

Date:    December 1, 2008

cc:      Kevin D. Hall, pro se